**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHANSAMONE RADSPHONE, | No. 05-75623 |
| Petitioner, | |
| v. | Agency No. A070-457-310 |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

| | |
|---|---|
| CHANSAMONE RADSPHONE, | No. 06-75074 |
| Petitioner, | |
| v. | Agency No. A070-457-310 |
| ERIC H. HOLDER Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted March 12, 2010[]
San Francisco, California

Before: HALL, NOONAN and CALLAHAN, Circuit Judges.

Chansamone Radsphone ("Radsphone") petitions for review of the Board of Immigration Appeal's ("BIA") decision denying her applications for asylum, withholding of removal, protection under the Convention Against Torture ("CAT") and cancellation of removal. Radsphone also petitions for review of the BIA's subsequent order denying her motion to reconsider, reopen and remand. We deny her petitions because none of Radsphone's contentions are persuasive.[1]

First, substantial evidence supports the Immigration Judge's ("IJ") credibility determinations. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) (an adverse credibility determination will be upheld where the inconsistencies go to the heart of the asylum claim). Here, Radsphone's inconsistent statements regarding when and where she last saw her father go to the heart of her claims. On direct, Radsphone testified that the last time she saw her father was in 1977, testimony bolstering her assertion that the Laotian government had persecuted her father and

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Because the parties are familiar with the facts and procedural history, we do not restate them here except as necessary to explain our decision.

might well persecute her. However, on cross-examination, Radsphone admitted she had seen her father when he visited the family between 1978 and 1983 and that he was working at a government-run wood export company. This testimony tends to undermine the basis for her asylum claims and provides substantial support for the IJ's credibility determination.

Second, the IJ did not demonstrate bias or violate Radsphone's right to due process when excluding or admitting certain evidence. Due process violation allegations are reviewed de novo. *Ramirez-Alejandre v. Ashcroft*, 319 F.3d 365, 377 (9th Cir. 2003). To prevail, Radsphone was required to "show prejudice-that [her] rights were violated in a manner so as potentially to affect the outcome of the proceedings." *Vargas-Hernandez v. Gonzales*, 497 F.3d 919, 926 (9th Cir. 2007) (quotation and citation omitted). However, we find that the IJ properly excluded testimony, argument and/or evidence that was redundant, irrelevant or otherwise unhelpful and properly admitted evidence where it was relevant and helpful. Furthermore, Radsphone has not shown prejudice from any of the IJ's actions. We therefore find no merit in Radsphone's bias and due process violation contentions.

Third, we lack jurisdiction to consider the merits of the IJ's cancellation of removal decision based on a lack of showing of hardship. 8 U.S.C. § 1252(a)(2)(B)(i). Section 1252(a)(2)(B)(i) bars this court "from reviewing the

merits of a hardship determination," but permits "judicial review of constitutional claims and questions of law presented in petitions for review of final removal orders." *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 978-80 (9th Cir.2009) . Radsphone contends that this court has jurisdiction to review based on her allegations that the IJ committed legal error by failing to consider all of the cancellation of removal hardship factors, as well as her allegations of due process violations. However, the IJ sufficiently considered all of the hardship factors, so Radsphone's legal error argument fails. *See Mendez-Castro*, 552 F.3d at 978; *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001).

Finally, the BIA did not abuse its discretion in denying Radsphone's motion to reopen as untimely because it does not fall within any exception to the timeliness requirements. *See Socop-Gonzalez v. INS*, 272 F.3d 1176, 1187 (9th Cir. 2001) (en banc). This court lacks jurisdiction to review the Board's refusal to exercise its authority to reopen petitioner's case *sua sponte*. *Ekimian v. INS*, 303 F.3D 1153, 1156-59 (9th Cir. 2002).

Radsphone's consolidated petitions for review are therefore **DENIED.**